PROB 12C
(06/17)

February 21, 2020
pacts id: 5937791

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Matthew Joseph Boswell (English)     **Dkt No.:** 19CR01672-001-CAB

**Reg. No.:** 74555-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. §§ 1324(a)(1) (A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Sentence:** December 13, 2019

**Sentence:** Time served (17 days); 3 years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** December 13, 2019

**Asst. U.S. Atty.:** Nicholas Jordan Hernandez     **Defense Counsel:** Melissa Bobrow
(Appointed)
(619) 800-0384

**Prior Violation History:** None.

### PETITIONING THE COURT

**TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT**

PROB12(C)
Name of Offender: Matthew Joseph Boswell
Docket No.: 19CR01672-001-CAB

February 21, 2020
Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not commit another federal, state, or local crime. | 1. On or about January 15, 2020, Mr. Boswell was publicly intoxicated, in violation of California Penal Code § 647 (F), as evidenced by Murrieta Police Department Report No.: MR20-0309. |

***Grounds for Revocation:*** As to allegation 1, I received and reviewed the Murrieta Police Department Report No.: MR20-0309, which confirms that on the above date, Mr. Boswell was standing upright in front of his residence using a wall for support. Police officers approached him and detected a strong odor of an alcoholic beverage emitting from his breath and body. Mr. Boswell's speech was slow and slurred, and he stated he did not have the means to enter his residence. The police officers determined he was impaired beyond the ability to care for himself in a public environment and he was arrested for disorderly conduct. However, he was later released, and no charges were filed, pursuant to California Penal Code § 849 (b)(2).

| | |
|---|---|
| **(Special Condition)**<br>Be monitored for the first 180 days, with the location monitoring technology (GPS) at the discretion of the probation officer. The offender must abide by all technology requirements and must pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community must be restricted as specified below:<br>*(Home Detention)*<br>You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer. | 2. On or about January 16, 2020, Mr. Boswell was unsuccessfully discharged from the Location Monitoring Program. |

***Grounds for Revocation:*** As to allegation 2, I received and reviewed the Location Monitoring Participant Agreement signed by Mr. Boswell on December 22, 2019 and Murrieta Police Department Report No.: MR20-0309, which confirms, on January 15, 2020, Mr. Boswell was arrested by Murrieta Police Department for public intoxication. Subsequently, on January 16, 2020, Mr. Boswell was terminated from the Location Monitoring Program, due to his noncompliance. He completed 24 days out of the 180 days required.

PROB12(C)
Name of Offender: Matthew Joseph Boswell
Docket No.: 19CR01672-001-CAB

February 21, 2020
Page 3

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Boswell has been supervised in the Central District of California since his release from custody in December 2019. His adjustment to supervision has been poor, as within one month he began violating his conditions of supervised release. He was only able to complete 24 out of his 180 days of the Location Monitoring Program due to his excessive use of alcohol. To his credit, he is a community college student, working full-time as a clerk, and participating in mental health counseling. However, his use of alcohol has prohibited him from being successful in the community.

The probation officer in the Central District of California responsible for the location monitoring in this case spoke to Mr. Boswell's girlfriend who reported the offender went on a three-day drinking "bender." The girlfriend reported that she was pushed into the corner at their residence and that Mr. Boswell becomes violent at home when he consumes alcohol. She called the police as she feared for her safety. Initially, she did not want him to return back to the residence after his release from custody; however, he returned, and they are currently residing together.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Boswell is a 34-year-old male. He has never been married and does not have children; however, is presently in a dating relationship, and resides with his girlfriend. According to the presentence report, he reportedly was diagnosed as a teenager with anxiety and depression. Since the age of 21, Mr. Boswell has struggled with alcohol addiction, and has participated in several alcohol treatment programs. It is also reported he uses marijuana occasionally. Mr. Boswell has his GED and currently attends community college part-time. Additionally, he is employed full-time as a clerk at Murrieta Mini Storage and is participating in mental health counseling.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

PROB12(C)
Name of Offender: Matthew Joseph Boswell
Docket No.: 19CR01672-001-CAB

February 21, 2020
Page 4

**USSG Provisions:** The allegations (new law violation and failure to complete a Location Monitoring program) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Pursuant to USSG §7B1.3(d), p.s., any home detention shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served **156 days** of the court-ordered home detention.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 months</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB12(C)

Name of Offender: Matthew Joseph Boswell                                February 21, 2020
Docket No.: 19CR01672-001-CAB                                                        Page 5

## RECOMMENDATION/JUSTIFICATION

Should the allegations be sustained, it is respectfully recommended that supervision be revoked, and he be sentenced to 8 months in custody, followed by 28 months of supervised release. This recommendation includes a 3-month low-end of the guideline range sentence, and 5 months of unserved home detention time. It is believed to be appropriate to address the breach of the Court's trust. At the time of sentencing in the instant offense, Mr. Boswell received a sentence of time served (17 days), and it does not appear he understands the impact of his actions. He has failed to take advantage of this opportunity, and within one month, he began violating the conditions of his supervised release, therefore a custodial sentence is recommended. Reimposition of the original special conditions of supervised release are recommended, except for the home detention condition. The supervising probation officer believes Mr. Boswell would benefit from substance abuse treatment and completion of a domestic violence program. Additionally, an alcohol abstinence condition is respectfully recommended.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 21, 2020

Respectfully submitted:                              Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____              _____
Regan Gomes-Figueira                                 Christopher J. Marco
U.S. Probation Officer                                 Supervising U.S. Probation Officer
(619) 557-6459

PROB12CW

February 21, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Boswell, Matthew Joseph

2. **Docket No. (Year-Sequence-Defendant No.):** 19CR01672-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| New law violation | C |
| Failure to complete a Location Monitoring Program | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))   [ 3 to 9 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | 156 days |
| Other | | Intermittent Confinement | |

PROB12(C)
Name of Offender: Matthew Joseph Boswell  
Docket No.: 19CR01672-001-CAB

February 21, 2020  
Page 7

## THE COURT ORDERS:

__✓__ AGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON  3/13/2020, AT 10 AM, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ DISAGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ Other _____

_____  
The Honorable Cathy Ann Bencivengo  
U.S. District Judge

2/21/2020  
Date